F I L E D
United States Court of Appeals
Tenth Circuit

SEP 23 2004

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

LOUIS PEOPLES, JR.,

  Plaintiff-Appellant,

v.

HONORABLE SHELLEY GILMAN;
CHRISTINE WASHBORN, District
Attorney; MYCHAEL DAVE;
BARBARA GREER, Nurse, #113761
LPN; SGT. GOMEZ, Deputy Sheriff;
ESQUBEL, Deputy Sheriff;
VICTORIA TOLIVER, Nurse
#112565; DEPUTIES SHERIFFS 1-4,

  Defendants-Appellees.

No. 04-1135
(D.C. No. 02-N-2057 (PAC))
(Colorado)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **LUCERO**, and **O'BRIEN**, Circuit Judges.

Louis Peoples, Jr. is a state prisoner in the custody of the Colorado

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Department of Corrections (DOC). Mr. Peoples filed a *pro se* civil rights complaint requesting money damages and injunctive relief pursuant to 42 U.S.C. §§ 1983 and 1985, alleging that various lawyers, prison personnel, deputy sheriffs and a trial judge (defendants) were deliberately indifferent to his serious medical needs during an appearance in the Denver District Court and during his incarceration as a pretrial detainee at the Denver County Jail.[1] Mr. Peoples also claimed that certain defendants interfered with and refused to mail his legal correspondence while he was incarcerated at the Denver County Jail. The magistrate judge recommended that the district court grant the defendants' various motions to dismiss because Mr. Peoples failed to state any claim upon which relief could be granted under §§ 1983 and 1985, and failed to exhaust his administrative remedies in accordance with 42 U.S.C. § 1997e(a). The district court agreed and dismissed the case with prejudice. We affirm.

We review *de novo* a district court's finding of failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a). *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), requires inmates to exhaust available administrative remedies,

---

[1] We construe Mr. Peoples' pleadings liberally, holding them "to less stringent standards than formal pleadings drafted by lawyers," because he is a *pro se* litigant. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

and suits filed before the exhaustion requirement is met must be dismissed. *Booth v. Churner*, 532 U.S. 731, 740-41 (2001); *Yousef v. Reno*, 254 F.3d 1214, 1216 n.1 (10th Cir. 2001). "[T]he substantive meaning of § 1997e(a) is clear: [r]esort to a prison grievance process must precede resort to a court." *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1207 (10th Cir. 2003) (internal quotation and citation omitted).

In a § 1983 action, the burden is on the prisoner to sufficiently plead exhaustion of administrative remedies under § 1997e(a), which includes supplying supporting information or documentation of the exhaustion of his prison grievance proceedings. *Id.* at 1209-10. "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under [the] PLRA for failure to exhaust his administrative remedies." *Jernigan*, 304 F.3d at 1032. Similarly, an inmate who fails to meet the time limit for filing a grievance does not exhaust his administrative remedies. *Id*. at 1033.

Mr. Peoples contended below that the § 1997e(a) exhaustion requirement was inapplicable because his claims did not relate to prison conditions. But the exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Mr. Peoples' claims fall well within the ambit of "suits about prison life"

because they implicate conditions of confinement and the effects of actions by government officials on the lives of persons confined in prison. The exhaustion requirement extends to pretrial detainees because the definition of a prisoner includes "any person . . . detained in any facility who is accused of . . . violations of criminal law." 42 U.S.C. § 1997e(h). At the time of the alleged incident, Mr. Peoples was an inmate at the Denver County Jail. Therefore, Mr. Peoples was required to exhaust administrative remedies.

Mr. Peoples conversely argues that he did exhaust his administrative remedies because defendants received actual notice of his claims by his filing of a notice of intent to sue letter, as required by the Colorado Governmental Immunity Act. That notice does not constitute exhaustion. The issue is whether Mr. Peoples exhausted administrative remedies pursuant to the inmate grievance procedure available at the Denver County Jail. Furthermore, Mr. Peoples' notice of intent to "bring legal actions" was non-specific; it did not inform any of the defendants of the nature of his grievances. Because Mr. Peoples did not demonstrate that he exhausted his administrative remedies pursuant to the Denver County inmate grievance procedure, his claim was properly dismissed.

Mr. Peoples also asserted that a grievance he arguably filed after instigating his civil suit satisfies the exhaustion requirement. The district court properly rejected this argument. The filing of a grievance after the initiation of the lawsuit

defeats the purpose of the statute: "[n]o action shall be brought . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

The final matter before this court is whether Mr. Peoples' claims should have been dismissed with prejudice. "A dismissal based on lack of exhaustion . . . should ordinarily be without prejudice." *Steele*, 355 F.3d at 1213. However, where a district court determines, after an examination of the merits, that absent exhaustion a party would nonetheless be unsuccessful in his case, dismissal with prejudice is appropriate. *Id.* at 1214. Here, the magistrate judge methodically parsed Mr. Peoples' claims and recommended that each be dismissed. The district court reviewed the magistrate's recommendations and correctly determined that Mr. Peoples' allegations could not and did not support actionable claims under either § 1983 or § 1985. Mr. Peoples' allegations of conspiracy to interfere with his legal correspondence under 42 U.S.C. § 1985(3) failed to state a claim because that provision applies only to conspiracies motivated by some class-based invidiously discriminatory bias. *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993). Mr. Peoples alleged no such discriminatory animus. Mr. Peoples failed to state a claim of deliberate indifference to his medical needs because he did not allege that defendants knew he faced a "substantial risk of serious harm" and disregarded "that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). Accordingly, the district court's dismissal

with prejudice was appropriate.

The judgment of the district court is **AFFIRMED**.  Mr. Peoples' motion to proceed on appeal without prepayment of fees is **GRANTED**, and he is reminded that he is obligated to continue making partial payments toward the balance of his accessed fees and costs until they are paid in full.

Entered for the Court

Stephanie K. Seymour
Circuit Judge